NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

HANNA GABRIELSSON, et al., *Plaintiffs/Appellants*,

*v.*

R N S CENTER LIMITED PARTNERSHIP, et al., *Defendants/Appellees*.

No. 1 CA-CV 25-0724

FILED 08-05-2026

Appeal from the Superior Court in Maricopa County
No. CV2022-090521
The Honorable Melissa Iyer Julian, Judge

**AFFIRMED**

COUNSEL

Hanna Gabrielsson and Marek Kowalski, Mesa
*Plaintiffs/Appellants*

Jones Skelton & Hochuli PLC, Phoenix
By Michele Molinario, Joseph J. Popolizio, Ashley E. Caballero-Daltrey,
Stephanie D. Baldwin
*Counsel for Defendants/Appellees R.N.S. Center Limited Partnership, East State
Street Limited Partnership, East State Street Inc., Robson Communities Inc.,
Pamela Gulsvig*

Gust Rosenfeld PLC, Phoenix
By Charles W. Wirken
*Counsel for Defendants/Appellees Alerus Financial Corp., Concepcion Henderson*

---

**MEMORANDUM DECISION**

Presiding Judge Cynthia J. Bailey delivered the decision of the Court, in which Judge Angela K. Paton and Judge Michael J. Brown joined.

---

**B A I L E Y**, Judge:

¶1        Plaintiffs Hanna Gabrielsson and Marek Kowalski (collectively, "Plaintiffs") appeal from a final judgment.[1]  For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

¶2        Plaintiffs personally guaranteed a restaurant lease between Defendant R.N.S. Center Limited Partnership (the "Landlord") and a tenant, which is a nonparty affiliated with the Plaintiffs.  Plaintiffs allege that, after the Landlord locked the tenants out due to nonpayment, the Landlord unlawfully auctioned off—for less than fair market value—Plaintiffs' exempt personal property.

¶3        Plaintiffs, who represent themselves, filed a 15-count lawsuit against (1) Landlord and its related entities (collectively, "Robson Affiliates"); (2) individuals associated with the Robson Affiliates; (3) SRS Real Estate Partners – West, LLC and its vice president, Scott Ellsworth (collectively, the "Brokers," who negotiated the lease); and (4) Metro Phoenix Bank (now known as Alerus Financial Corporation) and its assistant vice president, Concepcion Henderson (collectively, the "Bank").[2]

---

[1] We have considered Plaintiffs' motions for judicial notice dated October 15, 2025; February 17, 2026; and March 11, 2026; and the four motions for judicial notice filed on June 22, 2026.  We deem these filings as improper attempts to supplement the briefs with arguments concerning the admissibility and relevance of various documents and to challenge the superior court's rulings.  As such, we deny these motions.

[2] For purposes of this decision only, the Robson Affiliates include R.N.S. Center Limited Partnership, East State Street Limited Partnership, East State Street, Inc., and Robson Communities, Inc.  The individuals associated

¶4            Plaintiffs alleged (1) fraud in the inducement; (2) fraud in factum; (3) promissory estoppel/fraud/tenant improvement allowance; (4) promissory estoppel/Covid Aid; (5) promissory estoppel/Covid Aid verbal; (6) mock auction; (7) conversion: private property; (8) conversion: exempt property; (9) theft and release of electronic records; (10) unjust enrichment: third party property; (11) loss of future income; (12) intentional infliction of emotional distress; (13) defamation; (14) civil conspiracy; and (15) public apology demanded.

¶5            The superior court dismissed all claims against the Bank, which held a security interest in blanket business assets that served as collateral for a loan given by the Bank to an entity affiliated with Plaintiffs and then later released their lien.  It also dismissed the claims against all designated defendants for promissory estoppel, mock auction, theft and release of electronic records, loss of future income, intentional infliction of emotional distress, defamation, civil conspiracy, and the demand for public apology.  In that same ruling, the court dismissed all claims against Pamela Gulsvig, an individual alleged to be general counsel for Robson Communities and/or Affiliates.  The court then granted summary judgment to the Robson Affiliates on all remaining claims against them (fraud, conversion, and unjust enrichment).

¶6            Aside from the various dismissals and judgments on the substantive claims, the superior court also issued rulings imposing financial obligations on Plaintiffs.  Specifically, the court awarded the Robson Affiliates and the Bank attorneys' fees as sanctions against Plaintiffs related to a discovery dispute.  The court also granted the Robson Affiliates' motion to designate Plaintiffs as vexatious litigants.

¶7            Ultimately, the superior court entered final judgment under Arizona Rule of Civil Procedure ("Civil Rule") 54(c).[3]  The court awarded the Robson Affiliates $327,353.00 in attorneys' fees plus interest pursuant to Arizona Revised Statutes ("A.R.S.") § 12-341.01 and the lease agreement.

---

with the Robson Affiliates include Scott Teerink, Pamela H. Gulsvig, Michael Robson, Edward J. Robson, Karrin Taylor Robson, Paula Robinson, and Steve Soriano.

[3] The superior court dismissed the remaining individual Robson-affiliated defendants for the failure to serve.  The court also disposed of all claims against the Brokers.  None of these individuals or entities are parties to this appeal.

¶8        Plaintiffs appeal from the final judgment.  We have jurisdiction to review the final judgment and the interlocutory dismissals, summary judgment, and vexatious litigant rulings under A.R.S. §§ 12-2101(A)(1), and 12-2102(A).  However, we have no jurisdiction to review Plaintiffs' challenge to the attorneys' fee judgments awarded to both the Bank and the Robson Affiliates as sanctions related to a discovery dispute because Plaintiffs either did not appeal those rulings or abandoned their appeal.[4]  *Lee v. Lee*, 133 Ariz. 118, 124 (App. 1982); ARCAP 9(a).

## DISCUSSION

I.        Standards of Review & Waiver

¶9        We review de novo the dismissal of a complaint.  *Coleman v. City of Mesa*, 230 Ariz. 352, 355, ¶ 7 (2012), *abrogated by Ctr. for Ariz. Pol'y Inc. v. Ariz. Sec'y of State*, 178 Ariz. Cases Digest 4 (2026).  We assume the truth of all well-pleaded factual allegations.  *Id.* at 356, ¶ 9.  The superior court properly dismisses a complaint for the failure to state a claim when the plaintiff is not entitled to relief under any interpretation of the well-pleaded facts.  *Id.* at 356, ¶ 8.  Conclusory allegations are insufficient.  *Id.* at 356, ¶ 9.

¶10       Summary judgment is proper when the moving party is entitled to judgment as a matter of law and there are no genuine issues of material fact.  Ariz. R. Civ. P. 56(a).  We review the grant of summary judgment de novo.  *See Dinsmoor v. City of Phoenix*, 251 Ariz. 370, 373, ¶ 13 (2021).  We view the facts in the light most favorable to Plaintiffs.  *See id*.

¶11       We review de novo whether the superior court erred in awarding attorneys' fees to the Robson Affiliates pursuant to A.R.S. § 12-341.01.  *Rudinsky v. Harris*, 231 Ariz. 95, 101, ¶ 27 (App. 2012).  We review a vexatious litigant ruling for an abuse of discretion.  *Madison v. Groseth*, 230 Ariz. 8, 13, ¶ 16 n.8 (App. 2012) (a vexatious litigant order grants injunctive

---

[4] On March 29, 2024, Plaintiffs filed a notice of appeal from a March 1, 2024, "judgment," but there is no corresponding judgment entered on that date.  At best, we presume Plaintiffs intended to appeal from the superior court's March 1, 2024, unsigned ruling awarding attorneys' fees to the Bank and the Robson Affiliates.  That ruling is not an appealable judgment.  And Plaintiffs never appealed the subsequent judgments entered awarding attorneys' fees pursuant to the March 1, 2024, ruling.  Regardless, Plaintiffs ultimately abandoned the appeal stemming from their March 29, 2024, notice of appeal.  Thus, we lack jurisdiction to review the later judgments awarding attorneys' fees as sanctions.

relief); *Flying Diamond Airpark, LLC v. Meienberg*, 215 Ariz. 44, 47, ¶ 9 (App. 2007) (grants of injunctive relief are reviewed for abuse of discretion).

**¶12**　　　　On appeal, Plaintiffs do not challenge the superior court's rulings on tenant improvement allowance, promissory estoppel/COVID Aid, promissory estoppel/COVID Aid verbal, mock auction, theft and release of electronic records, unjust enrichment, loss of future income, or public apology demanded.[5]　And despite referencing the superior court's denial of their motions to amend the complaint or striking of pleading amendments and their promissory fraud claim, Plaintiffs develop no argument in their opening brief challenging either those rulings or their promissory fraud claim.　As such, these arguments are waived.　*See In re Aubuchon*, 233 Ariz. 62, 64-65, ¶ 6 (2013).

II.　　The Bank

**¶13**　　　　On appeal, Plaintiffs challenge the dismissal of their claims against the Bank for conversion of private and exempt property, intentional infliction of emotional distress, defamation, and civil conspiracy.[6]

　　　A.　　Conversion

**¶14**　　　　Recovery for conversion requires proof of "an intentional exercise of dominion or control over a chattel which so seriously interferes with the right of another to control it that the actor may justly be required to pay the other the full value of the chattel." *Miller v. Hehlen*, 209 Ariz. 462, 472, ¶ 34 (App. 2005) (quoting Restatement (Second) of Torts § 222(A)(1) (1965)).

**¶15**　　　　As for the allegation of conversion of personal property, Plaintiffs merely state, "Defendants Robson Affiliates and The Bank Conversion by Wrongful Act Inconsistent with The Property Rights of Plaintiffs."　This is not a complete sentence and is merely a conclusory allegation at best.　Other allegations in the complaint state the Bank "refus[ed] to demand the release of the SBA collateral;" stole unspecified "tools of trade," "third party property," and "SBA(7a) loan collateral;" and

---

[5] The only allegations leveled against Henderson were in the mock auction claim, which Plaintiffs do not challenge on appeal.

[6] The superior court's ruling references the statute of limitations, but that appears to be a mistake because the court dismissed the claims "[f]or the reasons set forth by Defendant" and the Bank's motion did not make a statute of limitations argument.

sold or donated property to the Robson Affiliates, yet simultaneously alleged that the Bank released its lien. None of these allegations explain how the Bank's release of its lien on business assets owned by another entity constitute conversion.

¶16 As for the allegation of conversion of exempt property, Plaintiffs cite generally Title 33, Chapter 8 of the Arizona Revised Statutes as protecting exempt property from being seized by the Bank, and state in another incomplete sentence and conclusory allegation, "Defendants Robson Affiliates and The Bank Conversion by Wrongful Act Inconsistent with The Property Rights of Plaintiffs." They refer to an exhibit in which they allegedly "ask[ed] for food and chest freezers" from the Robson Affiliates. Presumably, Plaintiffs refer to A.R.S. § 33-1124, which provides that "food, fuel and provisions actually provided for the debtor's individual or family use for six months are exempt from process." But Plaintiffs allege that they moved personal food into the premises for storage during the COVID pandemic, which the Robson Affiliates—not the Bank—allegedly disposed of. As such, Plaintiffs fail to state claims for conversion by the Bank.

### B. Intentional Infliction of Emotional Distress

¶17 A claim for intentional infliction of emotional distress requires (1) extreme and outrageous conduct by the defendant, (2) intention to cause emotional distress or reckless disregard nearly certain to cause distress, and (3) resulting severe emotional distress. *See Ford v. Revlon, Inc.*, 153 Ariz. 38, 43 (1987).

¶18 Plaintiffs allege "[t]he Bank intentionally disposed [of] Plaintiff's food supply during the pandemic," "intentionally deprived Plaintiffs of their livelihood," "intentionally converted/stole Plaintiffs['] entire property," "intentionally tossed away Plaintiffs['] most cherished souvenirs and memorab[ilia] and awards." Again, Plaintiffs also alleged that the Robson Affiliates, not the Bank, disposed of Plaintiffs' food supply. Plaintiffs also alleged that the Robson Affiliates, not the Bank, "confiscat[ed the] entire content[s] of Plaintiffs' restaurant" and removed equipment from the restaurant. We find Plaintiffs' allegations against the Bank conclusory, ill-pleaded, and fail to state a claim for intentional infliction of emotional distress.

### C. Defamation

¶19 Defamation requires proof of the publication of a "false and defamatory communication" knowing the statement is false and

defamatory, or the reckless disregard or negligent failure to ascertain the falseness of the statement. *Rowland v. Union Hills Country Club*, 157 Ariz. 301, 306 (App. 1988) (quoting Restatement (Second) of Torts § 580(B) (1977)). Plaintiffs only allege the Bank "made public that Plaintiffs' property is being given away and sold to unknown individuals due to nonpayment." But Plaintiffs failed to identify with any specificity what public statement the Bank made. Plaintiffs fail to state a claim against the Bank for defamation.

### D. Civil Conspiracy

**¶20** Civil conspiracy requires that "two or more individuals agree and thereupon accomplish 'an underlying tort which the alleged conspirators agreed to commit.'" *Wells Fargo Bank v. Ariz. Laborers, Teamsters and Cement Masons Local No. 390 Pension Tr. Fund*, 201 Ariz. 474, 498, ¶ 99 (2002) (quoting *Baker v. Stewart Title & Trust of Phoenix*, 197 Ariz. 535, 545, ¶ 42 (App. 2000)); *see also Dube v. Likins*, 216 Ariz. 406, 413, ¶ 15 (App. 2007).

**¶21** In support of their claim for civil conspiracy, Plaintiffs allege the Bank "transfer[red] over $450,000.00 worth of Plaintiffs['] property to Defendants Robson Affiliates for $4,500.00 1% (ONE percent of its fair market value)." Plaintiffs fail to allege any agreement the Bank and the Robson Affiliates had to accomplish an unlawful purpose, which is a threshold requirement for a civil conspiracy claim. *Wells Fargo*, 201 Ariz. at 499, ¶ 100. Plaintiffs fail to state a claim for civil conspiracy.

### III. Robson Affiliates & Gulsvig

#### A. Dismissals for Failure to State a Claim

**¶22** On appeal, Plaintiffs challenge the dismissal of the claims against Gulsvig for fraud in factum and defamation and challenge the dismissal of the Robson Affiliates for intentional infliction of emotional distress, defamation, and civil conspiracy.

##### 1. Gulsvig

**¶23** Plaintiffs allege that Gulsvig (1) "made libelous claim about Plaintiffs' defaulting on SBA Loan when The Bank contacted them regarding release of the SBA Collateral" and (2) "made libelous claim about Plaintiffs' owing Defendants Robson Affiliates the astronomical sum well more than $100,000.00 despite Defendants Robson Affiliates and The Bank confiscation of Plaintiffs['] entire property." Plaintiffs' allegations are

conclusory, and Plaintiffs fail to allege that Gulsvig knew any alleged statements about Plaintiffs' SBA loan status and balance owed were false or that Gulsvig was reckless or negligent in failing to ascertain the truth. *See Rowland*, 157 Ariz. at 306. Plaintiffs fail to state a claim against Gulsvig for defamation.

¶24 Fraud in factum applies where a defendant fraudulently causes the plaintiff to sign a document while believing the document is of a different nature or contains different essential terms. *See Garrett v. Holmes Tuttle Broadway Ford*, 5 Ariz. App. 388, 390-92 (App. 1967) (citing Restatement Contracts § 475); *see also* Restatement (Second) Contracts § 163 (1981). Plaintiffs alleged Gulsvig "without authorization alter[ed] the final version of the Lease." But Plaintiffs also inconsistently alleged that they negotiated with the Robson Affiliates until they signed the lease, requested alterations, and that the Robson Affiliates directed Gulsvig to make those alterations. Plaintiffs attached to the complaint a lease containing those very alterations yet later alleged that the lease was altered after they signed it. Plaintiffs' allegations against Gulsvig are not well-pleaded. Plaintiffs fail to state a claim for fraud in factum against Gulsvig.

### 2. Robson Affiliates

¶25 Plaintiffs allege the Robson Affiliates intentionally misrepresented the true cost of expenses, altered/forged the lease, disposed of their food supply during the pandemic, deprived Plaintiffs of their livelihood, converted/stole Plaintiffs' "entire property," and tossed away souvenirs, memorabilia, and awards. We find these allegations to be conclusory and insufficient to state a claim for intentional infliction of emotional distress.

¶26 As for defamation, Plaintiffs allege the Robson Affiliates "made public that Plaintiffs' property is being given away and sold to unknown individuals due to nonpayment." Plaintiffs further alleged the Robson Affiliates provided several false statements to the Attorney General's office in response to Plaintiffs' claims against them. Further, Plaintiffs alleged that the Robson Affiliates "made libelous claim about Plaintiffs' defaulting on SBA Loan when The Bank contacted them regarding release of the SBA Collateral." These allegations fail to identify any particular defamatory statement and are insufficient to state a claim for defamation.

¶27 Finally, in support of their civil conspiracy claim, Plaintiffs make the same allegation against the Robson Affiliates as they did against

the Bank. As we discussed, *supra* ¶ 21, this allegation is insufficient to state a claim.

      B.      Summary Judgment

**¶28**      On appeal, Plaintiffs challenge the summary judgment rulings on their fraud and conversion claims. In support of its motion for summary judgment on Plaintiffs' fraudulent inducement claim, the Robson Affiliates provided evidence that, instead of falsely representing the cost of certain lease charges, the Robson Affiliates informed Plaintiffs that those costs were "estimated." Plaintiffs also alleged that the Robson Affiliates fraudulently altered the lease. But the very exhibits Plaintiffs attached to the complaint establish that Plaintiffs negotiated alterations with the Robson Affiliates up until they signed the lease, that the Robson Affiliates ordered Gulsvig to alter the agreement pursuant to Plaintiffs' negotiated requests, and that the lease Plaintiffs signed contained those very alterations. And in support of its motion for summary judgment on Plaintiffs' conversion claims, the Robson Affiliates provided evidence that they had authority under the lease to perform a lockout, take title to or remove abandoned property, and that they repeatedly offered Plaintiffs the opportunity to collect their personal property.

**¶29**      Ultimately, Plaintiffs' response to the Robson Affiliates' motion for summary judgment and statement of facts failed to comply with Civil Rule 56(c), did not cite any admissible evidence in the record, failed to develop any substantive argument challenging the Robson Affiliates' motion, and most importantly, failed to establish a genuine issue of material fact sufficient to withstand summary judgment. The superior court properly granted the Robson Affiliates' summary judgment on the fraud and conversion claims.

      C.      Superior Court Attorneys' Fee Award

**¶30**      Plaintiffs argue the superior court erred in awarding the Robson Affiliates more than $327,000 in attorneys' fees because there was no underlying contract and because the amount is unreasonable. Because Plaintiffs failed to file a response or objection to the attorney fee application, we do not consider their arguments, which Plaintiffs raise for the first time on appeal. *Scottsdale Princess P'ship v. Maricopa Cnty.*, 185 Ariz. 368, 378 (App. 1995).

### D. Vexatious Litigant Ruling

**¶31** Plaintiffs challenge the superior court's ruling declaring them vexatious litigants.

**¶32** Under A.R.S. § 12-3201, the superior court may designate a pro-se litigant vexatious for conduct that unreasonably expands or delays proceedings, abuses discovery with resultant sanctions, and involves the "[r]epeated filing of documents or requests for relief that have been the subject of previous rulings by the court in the same litigation." A.R.S. § 12-3201(E)(1)(f).

**¶33** Plaintiffs argue the superior court erred in designating them vexatious based on filings "without substantial justification." They argue their filings were "legally mandated under [Arizona] Rule [of Evidence] 103 to preserve rights, prove fraud, forgery, perjury, grand theft and fraud against [the] Federal Government." Rule 103 does not "legally mandate" filing any documents and is inapposite.

**¶34** The superior court declared Plaintiffs vexatious because it found Plaintiffs had:

- Been abusive in their discovery demands, for which they have already been sanctioned.

- Ignored the Court's orders setting deadlines for disclosure and dispositive motions.

- Littered the record with numerous substantively and procedurally improper filings, with the Court being forced to strike more than 60 in this calendar year alone.

- Repeatedly and baselessly accused the Court and other parties of criminal behavior.

- Repeatedly raised and re-raised arguments and issues previously determined in this case.

- Filed a federal RICO lawsuit seeking to enjoin this matter dismissed *sua sponte* by Judge Liburdi. *Gabrielsson v. R.N.S. Ctr. Ltd. P'ship*, 2024 WL 4651904, at *2 (D. Ariz. Nov. 3, 2024).

The record supports the superior court's findings. The court did not abuse its discretion in designating Plaintiffs as vexatious litigants.

IV.    Attorneys' Fees on Appeal

¶**35**        The Robson Defendants request attorneys' fees on appeal pursuant to A.R.S. § 12-349 and A.R.S. § 12-341.01.  The Bank requests attorneys' fees on appeal pursuant to A.R.S. § 12-341.01, A.R.S. § 12-349, Arizona Rule of Civil Appellate Procedure ("ARCAP") 25, and *Jhagroo v. City of Phoenix, Mun. Ct.*, 143 Ariz. 595, 598 (App. 1984).  We award the defendants attorneys' fees on appeal pursuant to A.R.S. § 12-341.01 and as sanctions for violating ARCAP 13(a) and for filing improper motions for judicial notice after this court denied 20 other improper motions for judicial notice and cautioned Plaintiffs against further filings.  ARCAP 25.

**CONCLUSION**

¶**36**        For the foregoing reasons, we affirm the superior court's ruling.  We award the defendants costs and reasonable attorneys' fees upon compliance with ARCAP 21.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:         JR

11